UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON MICHAEL CRIM      ]
    Petitioner,     ]
                        ]
v.                      ]   No. 3:05-0628
                        ]   Judge Trauger
GLENN TURNER, WARDEN    ]
    Respondent.     ]

M E M O R A N D U M

    The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Glenn Turner, Warden of the facility, seeking a writ of habeas corpus.

    In November, 1997, following a bench trial in Montgomery County, the petitioner was found guilty of possession of cocaine with the intent to sell on school property, possession of a firearm on school property, and possession of marijuana. For these crimes, he received an effective sentence of fifteen (15) years in prison. The Tennessee Court of Criminal Appeals affirmed the convictions on direct appeal (Docket Entry No. 11; Addendum No. 1). The Tennessee Supreme Court later denied petitioner's application for further review.

    On May 31, 2002, a *pro se* petition for post-conviction relief was filed in the Circuit Court of Montgomery County (Docket Entry No. 11; Addendum No. 2). Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner post-conviction relief (Docket Entry No. 11; Addendum No. 3 at pgs. 3-4).

1

On appeal, the Tennessee Court of Criminal Appeals affirmed the lower court's ruling (Docket Entry No. 11; Addendum No. 4). Once again, the Tennessee Supreme Court denied petitioner's application for further review (Docket Entry No. 11; Addendum No. 5).

On July 20, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] The petition contains five claims attacking the validity of petitioner's convictions. These claims include

> 1) drugs and a pistol were illegal seized from the petitioner's automobile during a warrantless search;
>
> 2) the petitioner was denied the effective assistance of counsel;
>
> 3) the petitioner was convicted pursuant to a defective indictment;
>
> 4) the petitioner was improperly sentenced; and
>
> 5) the petitioner was a victim of prosecutorial misconduct.

Upon review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court are the respondent's Motion to Dismiss the petition

---

[1] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Thus, even though the petition was stamped by the Clerk's Office as being filed on August 4, 2005, the petition is actually considered filed, for the purpose of determining timeliness, on the date that it was submitted to prison officials to be mailed. In this case, the petitioner did not date the signature on his petition. Therefore, it is unclear exactly when the petition was forwarded for mailing. The petition is, however, stamped by the Clerk's Office as received on July 20, 2005. Since this is the only date certain prior to the stamped file date, July 20th shall be used as the date on which this action was actually filed by the petitioner.

(Docket Entry No. 9) and petitioner's Traverse to the Motion to Dismiss (Docket Entry No. 12). Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on November 21, 1997. The direct review of his convictions by the state courts was concluded on September 18, 2000, the date the Tennessee Supreme Court denied petitioner's application for discretionary review. *See* Docket Entry No. 11; Addendum No. 1. Ninety days beyond this date, or December 17, 2000, is the date that the

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

petitioner's convictions became final. Consequently, the petitioner had one year from this date, or until December 17, 2001, in which to initiate the instant action. It appears, therefore, that this action is untimely.

Of course, it must be noted that the proper filing of a state post-conviction petition has the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remain pending in the state courts. 28 U.S.C. § 2244(d)(2). Here, the petitioner did not file his post-conviction petition until May 31, 2002 (Docket Entry No. 11; Addendum No. 2), more than five months after the limitation period had already expired. Thus, the petitioner's state post-conviction petition had no tolling effect on the running of the statute.

Having reviewed respondent's Motion to Dismiss, petitioner's Traverse to the Motion to Dismiss and the record, the Court finds that this action is untimely. Therefore, respondent's Motion to Dismiss has merit and will be granted. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

4